## A. G. CONSTRUCTION COMPANY, A CORPORATION, APPELLANT, v. JOHN G. SCOTT, BUILDING INSPECTOR, AND THE CITY OF EAST ORANGE, RESPONDENTS.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Isadore H. Colton.*

For the respondents, *Walter C. Ellis.*

The opinion of the court was delivered by

KATZENBACH, J. The appellant, A. G. Construction Company, a corporation, made an application to the building inspector of the city of East Orange for a permit to erect a one-story brick, fire-proof, public garage containing stores in the front thereof. Proper plans and specifications were filed. The lawful fees were tendered to the building inspector. The construction company proposed to build the garage on a plot of ground owned by it, located on the westerly side of North Munn avenue, between Park avenue and William street, in the city of East Orange. The lot had a width of one hundred

and three feet and depth of one hundred feet. The building inspector refused to issue the permit on the sole ground that the land on which the building was sought to be erected was by the zoning ordinance of the city of East Orange placed in a "medium volume residence district," and by the provisions of said ordinance a public garage was prohibited in this district. The appellant applied to the Supreme Court for a *mandamus* to review the action of the building inspector. The matter came before part one of the Supreme Court on an alternative writ of *mandamus*. The court on February 8th, 1927, rendered a decision reported in 5 *N. J. Mis. R.* 251, denying to the appellant a peremptory writ of *mandamus*. The opinion held that the appellant had not shown that the prohibition of the zoning ordinance against the erection of public garages in medium volume residence districts was an unreasonable exercise of the police power.

About the same time as the appellant made its application to the building inspector one John G. Trusdell, owner of a property immediately adjacent and contiguous to the lands of the construction company on the south, presented a similar application to the building inspector of East Orange for a permit to erect two public garages on his premises, which was refused upon the same grounds. Trusdell applied to the Supreme Court for a *mandamus*. The case was referred to part three of the Supreme Court for decision. This branch held that the zoning ordinance was under the testimony adduced unreasonable in that the construction of the garages for which a building permit had been applied for would not affect the public health, safety or general welfare. This decision was rendered in June, 1927, and is reported in 5 *N. J. Mis. R.* 695. No appeal was taken by the city of East Orange from this decision. A peremptory writ of *mandamus* was issued and the garages presumably were built. The two cases present an anomalous situation, a situation that is inconsistent. It should be stated that in the Trusdell case the facts regarding the location of the property, the traffic conditions upon North Munn avenue, and the uses to which the properties in the vicinity of the appellant's land were put, were given more in detail than in the affidavits and

facts stipulated in the present case. This may account in a measure for the divergence in view expressed in the two opinions referred to.

In both of the cases the respective parts of the Supreme Court proceeded upon the theory that the burden was upon the relator to show the unreasonableness of the ordinance. The facts as we understand them are as follows: North Munn avenue is a smoothly paved thoroughfare fifty feet in width. The street is one upon which there is little traffic. The traffic seeks what is known as the Parkway, which runs parallel with North Munn avenue. There is no traffic congestion on North Munn avenue. Apartment houses have been erected on Arlington avenue, which is parallel to North Munn avenue on the west. There are also apartment houses on Park avenue. In the immediate locality of the appellant's lot approximately a dozen apartment houses are located. Each accommodates from fifty to sixty families. The nearest public garage, except those which may have been erected by Mr. Trusdell, is about two and one-half blocks from the appellant's property. The relator contends that there is a necessity for public garages in this locality because of the proximity of the apartment houses. In the rear of appellant's lot are brick apartment houses. Opposite there is an armory where horses are kept in an enclosure in front of the armory. Adjoining the armory lot twenty-five individual garages have been erected.

From these facts we have reached the conclusion that in this case the decision reached in the Trusdell case should be the decision of this court in the present case. In the immediate vicinity of the appellant's land there have been erected public garages and private garages in large number. The locality seems suitable for such buildings. Another public garage will make no difference in the character of the neighborhood. By reason of the location of so many garages nearby the appellant's lot is probably better fitted for garage purposes than for any other purpose for which the appellant might seek to use it. Under the particular circumstances of this case we think the appellant has shown the zoning ordinance as applied to its property is an unreasonable exercise

of the police power. We also find nothing in the use to which the land is proposed to be put which is detrimental to the public health, safety or general welfare.

We are asked by the respondents to consider in dealing with this case the fact that a constitutional amendment regarding zoning has been adopted by the voters of this state. In the present case the status of the parties was fixed long before the zoning amendment was adopted. The constitutional amendment has, we think, no application to the present case, and should not be considered in its disposition.

The order of the Supreme Court denying a peremptory writ of *mandamus* is reversed. The case is remitted to the Supreme Court to the end that there may be issued a peremptory writ of *mandamus* directing the building inspector of the city of East Orange to deliver to the appellant the building permit for which it made application.

*For affirmance*—The Chancellor, Black, Lloyd, White, Kays, Hetfield, JJ. 6.

*For reversal*—Parker, Kalisch, Katzenbach, Campbell, Van Buskirk, McGlennon, Dear, JJ. 7.