DAVID STEINBERG, APPELLANT, v. BOARD OF ADJUSTMENT OF THE TOWN OF NUTLEY, RESPONDENT.

Submitted October 26, 1928—Decided May 20, 1929.

For the appellant, *Isadore H. Colton.*

For the respondent, *William F. Gorman.*

PER CURIAM.

This is a zoning case. The appellant owned a tract of land in the town of Nutley, upon which he desired to erect an apartment house containing three stores on the first floor. Having procured his plans and specifications of the building to be prepared, he submitted them to the board of tenement house supervision, and that board approved them. He then

applied to the superintendent of buildings of Nutley for a permit for the erection of the proposed building. The superintendent refused the application upon the ground that the zoning ordinance of Nutley prevented the erection of an apartment house in the zone in which the applicant's lot was located. The owner then appealed to the board of adjustment to review the action of the superintendent, and it confirmed his action. The appellant then sued out a writ of *certiorari* to review the action of the board of adjustment, and the Supreme Court affirmed it. From the judgment of that tribunal the present appeal is taken.

The board of tenement house supervision did not attempt to pass upon the question as to whether the building, the construction of which was approved by it, could be erected upon the location intended by the applicant; and its action has no relevancy in the present litigation.

The decision of the Supreme Court was rendered on May 1st, 1928; subsequent to the adoption of the zoning amendment to our constitution, which took effect October 18th, 1927, and the enactment of the statute of April 3d, 1928 (*Pamph. L., p.* 696), passed pursuant to the power vested in the legislature by that amendment. This statute validated pre-existing zoning ordinances passed by the various municipalities of the state; and it was held by the Supreme Court in *Koplin* v. *South Orange*, 6 *N. J. Mis. R.* 489; 142 *Atl. Rep.* 235, that, as the zoning ordinance of that municipality had been validated before the decision of the case by the court, the action of the building inspector in refusing to issue a permit for the erection of an apartment house in a district where such buildings were prohibited, must be held valid, even if the ordinance, at the time of its adoption, was invalid so far as the rights of the prosecutor in that case were concerned. The case was appealed to this court, and was No. 131 of the last October term. The judgment of the Supreme Court was affirmed by us, for the reasons stated in the opinion delivered by it.

Following our decision in the Koplin case, we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.