ISADORO I. WERBLIN, PROSECUTOR, v. C. BENSON WIG-
TON, E. K. MORSE, SEYMOUR PERKINS, M. D. O'KEEFE,
AND LESLIE L. VIVIAN, MEMBERS OF THE BOARD OF
ADJUSTMENT OF THE CITY OF PLAINFIELD, ET AL.,
RESPONDENTS.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *William Newcorn.*

For the respondents, *J. Henry Crane.*

PER CURIAM.

The city of Plainfield is zoned pursuant to an ordinance
whose validity is not questioned in the present case. The
prosecutor is the owner of a piece of property at the northeast
corner of Grant avenue and West Forth street, which is zoned
as residence "C" property. He desired to use the property,
or a portion thereof, for a grocery store and to build one on
the property. The board of adjustment held a hearing, at
which the facts were fully presented, and the conclusion
reached by the board was that no special permit should be
granted, but that the prohibition of the zoning ordinance
should remain unaltered. The two points now made are—
first, that the denial of the board was arbitrary and unreason-
able. Naturally where a property is in a restricted zone
immediately joining one that is less restricted, as in this case,
the owner of such restricted property feels that the ordinance

is unnecessarily severe on him and that the board of adjustment is unreasonable in refusing to alter it. The case is simply within the large class of cases wherein a fair-minded and conscientious board is required to exercise its best judgment and decide the application according to that judgment in connection with the legal situation of the case. We have looked over the testimony and see no reason to say that the board was in any way delinquent in its duty.

The next point is that the act of 1928, page 696, section 7, is unconstitutional because the object of the legislation in section 7 is not expressed in the title. The act was that passed in pursuance of the constitutional amendment of 1927 and considered at some length by the Court of Errors and Appeals in the case of *Durkin Lumber Co.* v. *Fitzsimmons,* 147 *Atl. Rep.* 555. The effect of section 7 is generally that where a municipality has adopted a zoning ordinance before the passage of the act, such ordinance shall continue in effect as though it had been adopted under the provisions of the act of 1928; and it is now claimed that the title of the act of 1928, viz.: "An act to enable municipalities to adopt zoning ordinances limiting and restricting to specified districts and regulating therein buildings and structures according to their construction and the nature and extent of their use, and the repeal of sundry zone laws," does not constitutionally express an intent to validate for the future zoning ordinances passed before the act took effect. We are not impressed with this argument, particularly as the Court of Errors and Appeals in three very recent cases distinctly held that this statute validated pre-existing zoning ordinances. *Steinberg* v. *Board,* 146 *Atl. Rep.* 318; *Paramount Realty Co.* v. *Schmilt,* 146 *Id.* 319, and *Marlyn Realty Co.* v. *West Orange,* 146 *Id.* 320. In the case of Durkin Lumber Co. *v.* Fitzsimmons, already cited, which was a carefully argued and fully considered case, the point does not seem to have occurred to either counsel or the court. In view of these decisions, we consider it to be sufficiently settled, at least so far as concerns this court.

The writ of *certiorari* will accordingly be dismissed.