ELIZABETH ROHRS, RELATOR, v. STEPHEN T. ZABRISKIE, SUPERINTENDENT OF BUILDINGS, ETC., AND THE BOARD OF ADJUSTMENT OF THE VILLAGE OF RIDGE-WOOD, RESPONDENTS.

Argued October 7, 1925—Decided May 5, 1926.

1. An amendment of the building code ordinance of a municipality which prohibited the erection of an apartment house of more than three stories anywhere within the municipal limits, unless it should be of fire-proof construction, held to be a valid and reasonable exercise of the police power, manifestly adopted in the interests of public safety, for the purpose of providing additional protection against fire and the reduction of fire hazard.
2. The court will not issue a *mandamus* directing the municipality to grant a permit for the erection of a building, the existence of which, if erected, has already been declared by legal authority to be a menace to the safety of the community.

---

On demurrer to return to alternative writ of *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

473

For the relator, *Julian G. Harrison.*

For the respondents, *J. Willard De Yoe.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The relator, Mrs. Rohrs, applied to Zabriskie, superintendent of buildings of the village of Ridgewood, for a permit to erect a five-story apartment house on the corner of Prospect street and West Spring avenue, in that village.   The application was refused by the superintendent upon the ground that the plot of land was located in a zone of the village in which the erection of such a building was prohibited by the zoning ordinance of the municipality.   Mrs. Rohrs thereupon applied to the board of adjustment of the village for relief, and, after the hearing had upon her application, the board refused to modify the action of the superintendent.   Subsequent to this refusal by the board of adjustment the governing body of the municipality passed an amendment to its building code ordinance and thereby prohibited the erection of an apartment house of more than three stories anywhere within the municipal limits, unless it should be of fireproof construction.   It is admitted that the building proposed to be erected by the relator does not comply with this provision of the ordinance, and the only questions necessary to be considered in disposing of the demurrer are—first, whether the ordinance is a valid exercise of the police power, and second, if it is, then whether it is a bar to the alleged right of Mrs. Rohrs to compel the issuing of a permit, because passed subsequent to her application therefor.

As to the first question: We consider that this amendment of the building code ordinance was a valid and reasonable exercise of the police power of the village, manifestly adopted in the interest of public safety, for the purpose of providing additional protection against fire and the reduction of fire hazard.   *Manning* v. *Hauge,* 128 *Atl. Rep.* 375, is an authority in this point.

As to the second question: Assuming that the ground upon which the superintendent refused to issue the permit was unsubstantial and that the action of the board of adjustment was not justified under the statute, will this court, when confronted with an ordinance passed in the valid exercise of power conferred upon the municipality, disregard its existence and direct a permit to be granted to this relator to erect a building of the character described in her application, although its erection will be a threat to the public safety, merely for the reason that such ordinance was not passed until after the conclusion of the hearing before the board of adjustment and its action thereon. We have no doubt but that this question should be answered in the negative. Admitting that the ordinance does not have a retroactive effect, so far as buildings in the course of erection are concerned, it is clearly applicable where the process of construction has not yet been begun. The power to issue a writ of *mandamus* is a discretionary one (*Jones Co.* v. *Guttenberg,* 66 *N. J. L.* 58; *O'Hara* v. *National Biscuit Co.,* 69 *Id.* 198); and it would be an abuse of that power for this court to direct the municipality to grant a permit for the erection of a building the existence of which, if erected, has already been declared by legal authority to be a menace to the safety of the community.

For the reasons indicated, the defendants are entitled to judgment on the demurrer.