REBECCA KOPLIN, RELATOR, v. VILLAGE OF SOUTH ORANGE AND EVERETT W. BIRD, BUILDING INSPECTOR OF THE VILLAGE OF SOUTH ORANGE, DEFENDANTS.

Submitted June 3, 1927—Decided May 14, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Feit & Feit* (*Louis J. Feit*, of counsel).

For the defendants, *Riker & Riker* (*Thomas E. Fitzsimmons*, of counsel).

PER CURIAM.

On November 9th, 1926, the relator applied to the building inspector of the village of South Orange for a permit for the erection of a nine-story apartment house for the accommodation of seventy-three families on property owned by her at the northwest corner of South Orange avenue and Stanley road in that village.

The building inspector refused such permit on the ground (which is true in point of fact) that the zoning ordinance of the village, passed March 20th, 1922, prohibited the erection of the type of building proposed on the land in question, in that it was to be an apartment house in a residential district and exceeded in height the limitation contained in the ordinance, and failed to comply with the set-back provisions of the ordinance.

On March 5th, 1927, the relator obtained this rule to show cause why a writ of *mandamus* should not issue commanding the building inspector and the village of South Orange to issue such permit.

We think that the writ must be denied.

The relator contends that the provisions of such ordinance prohibiting such building are not within the police powers of the state.

But, at a special election held on September 20th, 1927, there was submitted to the voters of this state a proposed amendment to the constitution of the state which provided as follows:

"The legislature may enact general laws under which municipalities, other than counties, may adopt zoning ordinances limiting and restricting to specified districts and regulating therein buildings and structures according to their construction, and the nature and extent of their use, and the exercise of such authority shall be deemed to be within the police power of the state. Such law shall be subject to repeal or alteration by the legislature." See *Pamph. L.* 1927, *p.* 818.

That amendment was approved and ratified by the voters on September 20th, 1927, and took effect October 18th, 1927. See *Fitzgerald's Manual,* 1928, *p.* 60.

On April 3d, 1928, pursuant to the power conferred by that amendment to the constitution, the legislature adopted chapter 274 of the laws of 1928 (which took effect immediately), and is entitled "An act to enable municipalities to adopt zoning ordinances limiting and restricting to specified districts and regulating therein buildings and structures, according to their construction, and the nature and extent of their use, and the repeal of sundry zoning laws."

That act provides, among other things, as follows:

"General Purpose. Any municipality of this state may, by a zoning ordinance, limit and restrict to specified districts, and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the exercise of such authority, subject to the provisions herein contained, shall be deemed to be within the police power of the state. The authority conferred by this act shall include the right to regulate and restrict the height, number of stories and sizes of buildings and other structures, the percentage of lot that may be occupied, the sizes of yards, courts and other open spaces, the density of population and the location and use and extent of use of building and structures for trade, industry, residence or other purposes.

"4. Districts. For any or all of said purposes the governing body or board of public works may divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this act; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings or other structures. All such regulations shall be uniform for each class or kind of buildings or other structures throughout each district, but the regulations in one district may differ from those in other districts.

"5. Purposes in View. Such regulations shall be made in accordance with a comprehensive plan and designed for one or more of the following purposes: To lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health, morals or the general welfare; to provide adequate light and air; to prevent the overcrowding of land or buildings; to avoid undue concentration of population. Such regulation shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality.

"7. Existing Zoning Ordinances Saved. Wherever any municipality shall have adopted an ordinance or ordinances prior to the adoption of this act, for any of the purposes set forth in this act, such ordinance or ordinances shall continue in effect as if they had been adopted under the provisions of this act; and it shall not be necessary in such cases for the governing body or board of public works to appoint a zoning commission as provided by section six herein. All such ordinances shall remain in full force and effect, except in so far as they are inconsistent with the provisions of this act, until they shall have been amended or repealed by the governing body or board of public works."

Of course we take judicial notice of that statute.

We have made no reference to other provisions of the statute because, for present purposes, we do not deem it essential so to do. But we make pointed reference to the provisions contained in section 7 to the effect that ordinances adopted prior to the adoption of the act, for the purposes set forth in the act, shall continue in effect as if they had been adopted under the provisions of this act and shall remain in full force and effect, except in so far as they are inconsistent with the provisions of this act, until they shall have been amended or repealed.

The effect of that provision of the statute, adopted pursuant to the constitutional amendment, would seem to be that the provisions of the ordinance of the village of South Orange (now in question) as to zoning for residential purposes, and as to the height of buildings and set-backs, are deemed to be within the police powers of the state, if made with reasonable consideration "to the character of the district and its peculiar suitability for particular uses, with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality," and not otherwise unreasonable.

In the present case there is nothing to show (as we read the stipulation as to the facts) that such provisions were not so made, and there is nothing to show that they are unreasonable.

If it be suggested for any reason that section 7 of the Zoning act does not have the retroactive effect which we have indicated, nevertheless the result in this case, so far as this court is concerned, will be the same, because this court is bound to deny the permit sought upon principles declared in the Supreme Court in the case of *Rohrs* v. *Zabriskie,* 133 *Atl. Rep.* 65. In that case the relator applied to the superintendent of buildings of the village of Ridgewood for a permit to erect a five-story apartment house on the corner of Prospect street and West Spring avenue in that village. That application was refused upon the ground that the land was located in a zone in which the erection of such a building was prohibited by the zoning ordinance. Subsequent to this refusal the governing body of the village passed an amendment to its building code ordinance and thereby prohibited the erection of an apartment house of more than three stories unless it should be of fireproof construction. The questions before the court were, first, whether the last-named ordinance was a valid exercise of the police power, and seconly, if it was, then whether it was a bar to the relator's alleged right to compel the issuing of a permit because passed subsequent to the application therefor.

The court determined that the ordinance was a valid and reasonable exercise of the police power; and as to the second question, the court said: "Assuming that the ground upon which the superintendent refused to issue the permit was unsubstantial, and that the action of the board of adjustment was not justified under the statute, will this court, when confronted with an ordinance passed in the valid exercise of power conferred upon the municipality, disregard its existence and direct a permit to be granted to this relator to erect a building of the character described in her application, although its erection will be a threat to the public safety, merely for the reason that such ordinance was not passed until after the conclusion of the hearing before the board of adjustment and its action thereon? We have no doubt but that this question should be answered in the negative. Admitting that the ordinance does not have a retroactive effect,

so far as buildings in the course of erection are concerned, it is clearly applicable where the process of construction has not yet been begun. The power to issue a writ of *mandamus* is a discretionary one [*Jones Co.* v. *Guttenberg*, 48 *Atl. Rep.* 537; 66 *N. J. L.* 58; *O'Hara* v. *National Biscuit Co.*, 54 *Atl. Rep.* 241; 69 *N. J. L.* 198], and it would be abuse of that power for this court to direct the municipality to grant a permit for the erection of a building the existence of which, if erected, has already been declared by legal authority to be a menace to the safety of the community."

Accordingly, the court in that case denied the writ of *mandamus*.

We believe that the principle declared in that decision is conclusive of the present case in this court. It therefore follows that the writ applied for must be denied. For we believe it to be immaterial whether the changed conditions arise from an intervening valid municipal ordinance (as in that case) or from a statute enacted pursuant to an amendment of the constitution of the state, as in this case. Under the authority of the Zabriskie case the writ of *mandamus* being discretionary, there can be no vested rights that control the exercise of that discretion, unless a permit is issued and work actually commenced thereunder.

The result is that the rule to show cause in the present case will be discharged and the writ of *mandamus* denied accordingly.

Having reached the conclusion stated, we deem it highly important to all parties in interest to announce it promptly, and we do so in this somewhat informal manner in order to enable the relator to avail herself of the earliest possible opportunity for review if a review is desired. And if a review is desired, the relator is hereby given permission to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.