FRANK J. DURKIN LUMBER COMPANY, PROSECUTOR, v. GEORGE FITZSIMMONS, RECORDER, ETC., ET AL., DEFENDANTS.

Submitted October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *James Larkin Hughes* and *Merritt Lane.*

For the defendants, *John B. Brown.*

PER CURIAM.

The writ of *certiorari* was allowed in this case, to review the judgment of conviction of the prosecutor, for the violation of certain provisions of an ordinance of the town of Belleville, known as the "Zoning Ordinance;" adopted September 3d, 1923. The prosecutor files nineteen reasons for setting aside the judgment of conviction. The reasons are argued under five heads in the prosecutor's brief.

The complaint charged the prosecutor with maintaining on the premises on the southerly side of John street, in the town of Belleville, a lumber pile or building material storage yard, which it used in connection with its lumber business carried on in another part of the premises, located in the town of Bloomfield, and, that the maintenance of such a lumber pile and use thereof was the use of the premises as "a building material storage yard," within the meaning of section 14 of the ordinance.

That section required a "certificate of occupancy." It provides: "No land shall be occupied or used and no building,

&c., occupied or used in whole or in part for any purpose whatsoever until a certificate of occupancy shall have been issued by the superintendent of buildings stating that the premises or building complies with all the provisions of the ordinance." No building or premises may be occupied until such certificate shall have been issued. The prosecutor was convicted by the recorder of Belleville of violating the ordinance on the 1st, 7th, 12th, 16th and 19th days of March, 1928, for not obtaining a certificate of occupancy, as required by the ordinance.

Eight reasons filed by the prosecutor for setting aside the conviction under the ordinance are, the ordinance or the conviction thereunder is in violation of the constitution of the United States or the constitution of New Jersey or both. Not so. We have read the argument made on behalf of the prosecutor on this point with interest and care. It fails to satisfy us that is so. We cannot find any argument to support or sustain the contention. The constitution (*Pamph. L.* 1928, *p.* 820) and the legislation passed in pursuance thereunder (*Pamph. L.* 1928, *p.* 696), are applicable. *Koplin* v. *Village of South Orange,* 142 *Atl. Rep.* 235; 6 *N. J. Mis. R.* 489.

We find no merit in the other reasons filed for setting aside the conviction. They call for no extended discussion. It may be possible that with so many reasons urged we have overlooked a good one. Let that be as it may. Piling lumber, as it may affect injuries to children, for an illustrative case see *Vanderbeck* v. *Hendry,* 34 *N. J. L.* 467. The zoning ordinance of the town of Belleville is not unreasonable in its application to the prosecutor's lands. The ordinance is presumed to be reasonable, and the burden is on the prosecutor to show its unreasonableness.

The conviction of the prosecutor by the recorder of the town of Belleville brought up by the writ of *certiorari* is affirmed, with costs.