ROBERT E. L. LEWIS AND MATHILDE G. LEWIS, RELATORS, v. BOARD OF COMMISSIONERS AND INSPECTOR OF BUILDINGS OF THE BOROUGH OF AVON-BY-THE-SEA, RESPONDENTS.

Argued October term, 1928—Decided December 20, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

Relator, in person, *Robert E. Lewis.*

For the respondents, *Samuel Y. Hampton.*

PER CURIAM.

This is an application on a rule to show cause for a *mandamus* commanding the board of commissioners and inspector of buildings of the borough of Avon-by-the-Sea to issue to the relators a permit to erect upon property in said borough belonging to them, at the site specified, a private garage of the dimensions and description set forth in the petition and diagram referred to therein.

The relators allege that they have complied with all of the requirements of the ordinance of the borough relating to the issuing of such permit, but that the commissioners have refused to issue the permit for the reason that the erection of a garage as described in the petition and the diagram would violate the last paragraph of section 2 of the ordinance, and would violate section 19 thereof.

The provisions of the ordinance referred to are as follows:

"Sec. 2. On all streets running in an easterly and westerly direction in the borough private garages shall be constructed not less than seventy-five feet from the curb line of the street. On all streets running in a northerly and southerly direction private garages shall be constructed not less than thirty feet from the curb line of the street, and the permit for such construction shall be approved by this board of commissioners; except in cases where lots are fifty feet deep, then such garage is to be erected on the rear of said lot."

Section 19 of the building ordinance is as follows: "All buildings east of Fifth avenue, in the borough of Avon-by-the-Sea shall be not less than three feet from the side lines."

The relators are the owners of two adjoining lots, one of which is on the northeast corner of Third and Lincoln avenues. Each lot has a frontage of fifty feet on Lincoln avenue and extends in depth one hundred and forty feet to an alleyway twenty feet in width. On the interior lot is located a large frame dwelling, in the rear of which is a garage. The corner lot is vacant, except that the porch of the dwelling encroaches thereon.

The relators, without applying for a permit, began the erection of another garage on the interior lot about fifty-five feet from the curb line of Lincoln avenue, and one foot from the easterly line of their property. The garage was planned to be thirty-two feet long, with doors at both ends to provide means of ingress and egress to and from Lincoln avenue, and to and from the alleyway in the rear.

The building inspector stopped the construction of the garage because no permit therefor had been granted. A subsequent application for a permit was denied on the ground

that the erection of the proposed garage was in violation of the zoning provisions contained in the sections of the building ordinance already referred to.

The first reason of the relators for the granting of the writ in this case is that the zoning amendment to the constitution and the statute enacted in conformity therewith are not applicable because the permit was applied for before the enactment of the statute. This question is *res adjudicata* in this court, and was decided adversely to the contention of the relator in the case of *Koplin* v. *South Orange*, 6 *N. J. Mis. R.* 489; 142 *Atl. Rep.* 235.

The next point contended for by the prosecutor is that the erection of the proposed garage was not in violation of section 2 of the ordinance, in that the garage was to be erected at a point over thirty feet from the curbstone of Third avenue. The site selected by the relators for the erection of the garage was on the interior lot at a point within the prescribed seventy-five feet from the curb line of Lincoln avenue, on which avenue the said lot fronted, as did also the house located thereon, as well as the proposed garage.

We find no merit whatever in the contention that the word "buildings" in section 19 of the ordinance was not intended to include garages, since obviously garages are buildings.

The next point urged is that section 19 of the ordinance discriminates between property owners east of Fifth avenue and those west of Fifth avenue. It was stipulated in the case that Avon is a summer resort, and that a majority of the houses east of Fifth avenue are vacant eight or nine months each year, while practically all of the houses west of Fifth avenue are occupied during the entire year. It is a matter of common knowledge that vacant houses are considered a more hazardous fire risk in insurance circles than those that are occupied. The houses are vacant in winter, when it is more difficult for fire apparatus to be moved over snow and ice covered streets. These facts supply sufficient justification for the area classification made in the ordinance, and we therefore see no merit in that point.

It is next urged that section 2 of the ordinance discriminates between owners of property facing on streets running in different directions. It appears that the blocks on streets running in an easterly and westerly direction are five hundred feet long and that lots fronting on such streets are one hundred and forty feet deep and extend to alleyways in the rear, whereas blocks on streets running in a northerly and southerly direction are only three hundred feet long, and the lots fronting thereon are, for the most part, about fifty feet in depth, being substantially divisions of corner lots. We think this situation provides an ample basis for the classification and separate treatment provided for in the ordinance, and we therefore see no substantial basis for this contention.

It is next argued that there is a discrimination between those who have built their houses before and those who have constructed them after the passage of the ordinance. The ordinance does not discriminate as to garages or other buildings erected after its enactment, but deals with the situation as the ordinance may apply to conditions existing after its enactment.

We have examined all the reasons advanced by the relators in favor of the rule, and have discussed them as far as we deem it necessary for the purpose of ascertaining the substantial merit of those that we think most pertinent; and we find no merit in any of the remaining contentions. In so far as the erection of the proposed garage by the relators is concerned, we find the ordinance to be a proper exercise of the police power of the municipality.

The rule in the case will therefore be discharged.