## CHARLES ADELMANN, RELATOR, v. ROBERT WILLIAMS ET AL., DEFENDANTS.

Submitted October 16, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *Maurice Grossman.*

For the defendants, *John B. Brown.*

PER CURIAM.

This is an application for a rule to show cause why a writ of *mandamus* should not issue to compel the town of Belleville, or the building inspector, to issue a building permit for the erection and construction of a warehouse on the rear of 57 Ralph street, in said town. An application was made to the Chief Justice, which he refused.

To begin with the relator submits no proof of any of the matters discussed in his brief. The respondents submit a brief and some affidavits which contradict in essential particulars statements made in the brief of the relator.

It appears that the relator applied for a permit on February 19th, 1931. The application was received by the building inspector for consideration, and on February 24th it was refused. It appears that on February 16th, there was presented a petition by twenty-seven property owners requesting a change in the use of the property in that district, including the lot in question, to a residential zone, whereas it had previously been in an industrial zone in the zoning ordinance. It appears that the petition was considered at a meeting on February 17th, and on February 24th the commissioners of the town adopted the amendment to the zoning ordinance on first reading. It appears, therefore, that, while perhaps the property was not within the prohibited zone at the time the application was made, it was thereafter included in the residential area and a permit would not thereafter have been granted.

The allowance of a writ of *mandamus* rests in the sound discretion of the court. In this case we have nothing before us which would move the court to exercise this discretion in behalf of the relator. As was said in *Rohrs* v. *Zabriskie,* 102 *N. J. L.* 473, and approved in *Koplin* v. *South Orange,* 6 *N. J. Mis. R.* 489; *affirmed,* 105 *N. J. L.* 492: "It would be an abuse of that power for this court to direct the municipality to grant a permit for the erection of a building the existence of which, if erected, has already been declared by legal authority to be a menace to the safety of the community."

The rule to show cause is denied, with costs.