BUILDERS CONSTRUCTION COMPANY, RELATOR, v. ALBERT F. DALY, BUILDING INSPECTOR OF THE TOWNSHIP OF MILLBURN, RESPONDENT.

Argued May term, 1932—Decided June 27, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the relator, *Spaulding Frazer* and *Aaron Van Poznak*.

For the respondent, *Ira C. Moore, Jr.*

PER CURIAM.

The application in this case is for a writ of *mandamus* to compel the issuance of a permit for the erection of two dwellings in Millburn township, Essex county. The permit was applied for to the building inspector of the township and denied.

The applicant owns a tract of land of irregular shape fronting one hundred and forty-five feet on the west side of Baltusrol Way and extending northerly a distance of approximately three hundred and fifty feet. A driveway enters this tract from Baltusrol Way and extends nearly to its northerly end. It is a private road, was originally eight feet wide, and now proposed to be widened to twenty feet. On this driveway it is planned to erect the two dwellings with a setback from the outer line of the driveway of twenty-four feet.

While no specific reason seems to have been given for refusal of the permit by the building inspector, the respondent now seeks to justify his action on the ground that a present existing ordinance forbids the construction of dwelling houses within forty-nine feet of the centre line of highways, excepting certain streets previously laid out.

At the time the application was made, February 3d, 1932, the ordinance then in effect prohibited the erection of any building in the district in which the applicant's land was located within twenty-four feet of any street. The ordinance was later amended on March 7th, 1932, by changing the setback from the twenty-four feet from the street line theretofore permissible to forty-nine feet from the center line.

It appears that while the driveway was eight feet in width application was made by a former owner of the land for

permission from the township to construct a private sewer in the driveway, to connect with a township sewer in Baltusrol Way, and it is contended that by acceding to this request the township is estopped from passing and applying the provisions of the present ordinance to the lands in question.

This contention seems to us to be wholly without substance. The sewer was a private one for which the owner alone was responsible. The township simply acquiesced in its construction and assumed no responsibility respecting it. Under such circumstances it is difficult to conceive of any theory upon which the township was estopped from passing the ordinance or from enforcing it against the relator.

It is also claimed that the ordinance is unconstitutional as to the relator inasmuch as it had entered into binding contracts for the construction of the buildings based upon the permission granted by the township for the construction of the sewer. As we have held that the permit for the sewer did not estop the township as a matter of fact, we think it equally clear that it infringed no constitutional right of the relator, and that for the reasons already adduced respecting the first contention.

No question is raised as to the reasonableness of the restriction in a general sense, but it is contended that the premises of the relator are of such dimensions that the requirement to set back the forty-nine feet in effect denies it the use of the property for the purposes for which it was purchased, and which purposes it is claimed were acquiesced in by the township committee when it granted the permit to lay the sewer with its house connections.

We think this contention is also without force. When the sewer was constructed it was in an eight feet driveway. It is not apparent that it was either the intention of the applicant for the sewer or the understanding of the township committee that this driveway was to be the frontal street for a series of dwellings. It is as readily inferable that the driveway would be in the rear of the lots on which any dwellings might be built as that it should be the main highway upon which such dwellings would face. An examina-

tion of the premises fails to disclose that the ordinance in anywise deprived the relator of the reasonable use of his premises, even assuming that such result would render the ordinance invalid as to it.

Although the question did not appear to be raised in the relator's brief the regulation would seem to be reasonable in its general application, and the fact that the ordinance upon which the respondent relies was passed after the application for the permit was made affords no ground for the issuance of a *mandamus* after its adoption. It is the status of the municipal legislation at the time the application for this writ was made that must control and not as it stood at the time the application for the permit was made. *Rohrs* v. *Zabriskie,* 102 *N. J. L.* 473; 133 *Atl. Rep.* 65.

The rule for a writ of *mandamus* is discharged.