EASTERN BOULEVARD CORPORATION, RELATOR-RESPONDENT, v. GEORGE WILLAREDT, BUILDING INSPECTOR, ET AL., RESPONDENTS-APPELLANTS.

Submitted May 26, 1939—Decided October 16, 1939.

For the appellants, *Irwin Rubenstein*.

For the respondent, *Fred Goldstein*.

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Supreme Court directing the issuance of a peremptory writ of *mandamus* to compel the building inspector and the commissioners of the town of West New York to issue a permit for the construction of a five-story apartment building containing seventy-one apartments.

The record presented to us is meagre and unsatisfactory, but it shows that on March 22d, 1938, an amendment to the

zoning ordinance was adopted by the governing body which amendment placed the lands of the relator in a zone restricted against the erection of apartment houses more than two and one-half stories in height and designed for use by more than three families.  *Certiorari* proceedings were instituted and resulted in a judgment of the Supreme Court setting aside this amendment to the zoning ordinance because of irregularities in adoption.  This judgment was rendered September 12th, 1938.

Meantime, and on May 26th, 1938, the relator applied for a building permit for the erection of the proposed apartment house, and the building inspector declined to issue the permit.

On September 8th, 1938, at a special meeting called for several purposes, an ordinance was introduced to amend the zoning ordinance, which amendment likewise restricted relator's property against the proposed use.  This amending ordinance was finally adopted on October 25th, 1938.

Notice was served by the relator that it would apply to the chief justice on September 17th, 1938, for a writ of *mandamus*.  It appears, however, that the application was actually made to the chief justice on December 3d, 1938.  He allowed the alternative writ on December 8th, 1938, the attorney for the building inspector and the town consenting thereto.  It would appear, therefore, that at the time of the application for the  *mandamus* on December 3d, 1938, the second amendment to the zoning ordinance, the adoption of which is not attacked, was in effect.

The matter came on before the Supreme Court *en banc* on demurrer and that court awarded peremptory *mandamus,* holding that the record did not show the reasonableness of the restriction and further that, since there was no valid ordinance zoning the property against apartment houses in existence on May 26th, 1938, the relator was entitled to its permit, notwithstanding the adoption of a valid amendment before the application for *mandamus* was made.

As to the reasonableness of the restriction, we are of the opinion that the burden was upon the relator to demonstrate that it was unreasonable and that there was no duty upon the town to sustain its reasonableness, in the absence of proof

to the contrary. There was no evidence submitted to the Supreme Court upon this question and there is none in the record here. Hence, we conclude there was no justification for the issuance of *mandamus* upon this ground.

Upon the question of whether or not the amendment to the zoning ordinance of October 25th, 1938, was applicable to the relator's request for a building permit, we conclude that the holding in *Koplin* v. *South Orange,* 6 *N. J. Mis. R.* 489; *affirmed,* 105 *N. J. L.* 492, and the long line of cases following it, is applicable here. In that case there was a zoning ordinance which, under the decisions of our courts, was invalid in so far as it attempted to restrict the use relator sought to make of her property. After her application for a permit was refused and after a rule to show cause was allowed and the matter submitted to the court upon the return of the rule, the zoning amendment to the construction was adopted and the enabling act validating previously existing ordinances was enacted. It was held that the court should consider the state of the law at the time of its decision and refuse to exercise its discretion to issue *mandamus,* citing *Rohrs* v. *Zabriskie,* 102 *Id.* 473. The latter case was one in which an amendment to the building code was adopted after a permit was applied for but before decision by the court. The amendment had to do with the elimination of fire hazard and did not concern zoning, but this makes no difference in the legal principle involved. A valid exercise of the police power by the municipality for one purpose would be as effective as for another. As was said in the Koplin case, in discussion the Rohrs case: "For we believe it to be immaterial whether the changed conditions arise from an intervening valid municipal ordinance [as in that case] or from a statute enacted pursuant to an amendment of the constitution of the state, as in this case."

Likewise, the reasoning of the Koplin case applies here even though the changed conditions there resulted from constitutional amendment and statute. A valid exercise of power by the municipality would be as effective as the exercise of power by the people and the legislature.

Other cases in which the Supreme Court has followed the

Koplin and Rohrs cases, when dealing with zoning ordinances, are similar in point of fact. In *Adelmann* v. *Williams*, 10 *N. J. Mis. R.* 324, five days after an application for a building permit for an apartment house was made the building inspector denied, and on the day he announced his decision the governing body amended the zoning ordinance to prohibit the structure. The court denied *mandamus*, saying: "It appears, therefore, that, while perhaps the property was not within the prohibited zone at the time the application was made, it was thereafter included in the residential area and a permit would not thereafter have been granted."

In *Builders Construction Co.* v. *Daly*, 10 *N. J. Mis. R.* 861, the section of the ordinance respecting set-back of buildings was amended after application for a permit was made. The Supreme Court said: "* * * the fact that the ordinance upon which the respondent relies was passed after the application for the permit was made affords no ground for the issuance of a *mandamus* after its adoption. It is the status of the municipal legislation at the time the application for this writ was made that must control and not as it stood at the time the application for the permit was made."

We conclude, therefore, that under the reasoning of the cases cited, the amendment to the zoning ordinance adopted October 25th, 1938, was applicable to the relator's case, and was, if properly adopted and reasonable, a bar to the issuance of a permit and a writ of *mandamus* therefor. The relator therefore was not entitled to the peremptory writ of *mandamus* unless it established the invalidity or unreasonableness of the amendment and it produced no proofs to do so.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Parker, Case, Donges, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Hague, JJ. 12.