Certiorari was allowed by the former Supreme Court to review the action of the Board of Adjustment of the City of Englewood, denying plaintiffs' application for a variance from its zoning ordinance to permit plaintiffs to erect and construct a two-story garden type apartment house for thirty-six families. The Building Inspector had previously refused to grant plaintiffs a building permit, on the ground that the plans and specifications submitted with plaintiffs' application did not comply with the side yard restrictions required by the zoning ordinance. No appeal was taken from the action of the Building Inspector.
For a clear understanding of the issue here, we deem it essential to summarize the factual situation. Plaintiffs' property consists of a lot of land situate on Engle Street, one of the main thoroughfares of the city, and is approximately two hundred and thirteen feet wide by four hundred and sixty-five feet deep, is adjacent to a large cemetery on the south and east sides thereof, and is in a residential neighborhood, with one or two doctors' offices. When plaintiffs applied respectively for the building permit and variance, their property was in District No. 2, Residence, Area B, a multiple dwelling house zone and they were entitled to construct a two-family garden type apartment house in conformity with the provisions of the ordinance. Subsequent to the Building Inspector's refusal to issue a building permit and, on October 23, 1947, plaintiffs applied to the Board of Adjustment for a variance from the side yard restriction, which was denied and plaintiffs did not seek a review thereof. On March 16, 1948, the governing body introduced and passed on first reading a new zoning ordinance, whereupon plaintiffs exercised their contract of sale and took title to the premises in question on March 17, 1948. They revised their plans to comply with the proposed ordinance. However, on April 6, 1948, the proposed new ordinance was withdrawn by the governing body and no further action was taken thereon. Plaintiffs then submitted a new application to the Board of Adjustment for a variance based on revised plans, which application, after a hearing, was denied on June *Page 304 
8, 1948. On July 6, 1948, plaintiffs were allowed a writ of certiorari to review this latter action of the Board of Adjustment. On July 13, 1948, the governing body introduced an amendment to its zoning ordinance whereby plaintiffs' property and other parcels theretofore zoned as District No. 2, Residence, Area B, were changed to District 2-A, Residence, Area B, limited to a one and two-family dwelling house zone, and other changes were made in the zoning districts not affecting the issue here. The amendatory ordinance was adopted on final passage on August 10, 1948.
We find it unnecessary to discuss and decide this appeal on the grounds advanced by plaintiffs. We are convinced that under our decided cases the adoption of the amendatory ordinance on August 10, 1948, changing, inter alia, the zoning district of plaintiffs' property, effectually disposes of this issue.
The writ of certiorari did not include a review of the amendatory ordinance of August 10, 1948. Plaintiffs contend, however, that the Board of Adjustment's refusal to grant a variance was for the specific purpose of permitting the governing body "to pass a new ordinance removing this property from an apartment house zone", and they charge that it was an eleventh hour attempt to prevent the plaintiffs from using their property for its highest use and for which it had been zoned for many years, citing Vine v. Zabriskie, 122 N.J.L. 4 (Sup.Ct.
1939). The record here does not support the plaintiffs' contention and we disagree with their conclusions. The Vine v.Zabriskie, case, supra, is not applicable to the factual issue here. This ordinance created changes of zoning districts not only affecting plaintiffs' property, but premises in several other districts of the city. In passing, it should be noted that plaintiffs had not commenced the process of the construction of the proposed apartment house. The action of the governing body presumably was a proper exercise of its discretion and was intended to embrace changes in its zoning districts to conform to a comprehensive zoning plan suitable to the city. Such action was within the legislative authority delegated to the governing body.Taylor v. Hackensack, 137 N.J.L. 139 (Sup.Ct. 1948);Appley v. Bernards Township, *Page 305 128 N.J.L. 195 (Sup.Ct. 1942); affirmed, 129 N.J.L. 73(E. A. 1942). "The law indulges the presumption that a zoning ordinance is altogether reasonable in its application; * * *." Brandon v. Montclair, 124 N.J.L. 135 (Sup.Ct. 1940); affirmed 125 N.J.L. 367 (E. A. 1940). In view of the fact that the amendatory ordinance now precludes the construction of an apartment house on plaintiffs' land, it is the applicable law in effect at this time. In arriving at our determination, we are, therefore, controlled by it. Rohrs v. Zabriskie, 102 N.J.L. 473 (Sup.Ct. 1926); Koplin v. South Orange,6 N.J. Misc. 489 (Sup.Ct. 1928). As Mr. Justice Perskie pertinently stated in the case of Socony-Vacuum Oil Co., Inc., v. Mt. HollyTwp., 135 N.J.L. 112 (Sup.Ct. 1947), at pp. 117, 118:
"Moreover, in my opinion, there can no longer be any question as of the time when the status of the applicable law controls. It is neither the status of the law prevailing at the time of the application for the permit nor the status of the law prevailing at the time of the application or allowance of the rule to show cause. It is the status of the law prevailing at the time of the decision by the court that is controlling. Cf. WestinghouseElectric Corp. v. United Electrical, c., America (Court ofErrors and Appeals, 1946), 139 N.J. Eq. 97, 105, 106; 49 Atl.Rep. 2d 896.
"And just as a change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law, so, by like token, a change of law pending an administrative hearing or act must be followed in relation, as here, to a permit for the doing of a future act. * * *."
At the argument, plaintiffs contended that the governing body did not proceed lawfully in the adoption of the 1948 amendment. This contention cannot be considered by us, as under the writ the amendatory ordinance is not before us for review. The appeal will be dismissed without prejudice to plaintiffs' right to undertake such further proceedings as they may deem advisable to test the validity of the amendatory ordinance.
The appeal is accordingly dismissed and the determination of the Board of Adjustment is affirmed, without costs. *Page 306