37 N.J. Super. 507 (1955)
117 A.2d 661
PIETRO ROSELLE, ET AL., PLAINTIFFS,
v.
THOMAS WRIGHT, JR., BUILDING INSPECTOR, ETC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 1, 1955.
*508 Messrs. Budd, Larner & Kent, attorneys for plaintiffs.
Mr. Louis Bort, attorney for defendants.
EWART, J.S.C.
By this suit in lieu of the former prerogative writ of mandamus, plaintiffs seek judgment compelling defendants to issue a building permit for the erection of a one-story masonry garage building 37 feet in width by a depth of 70 feet on plaintiffs' lands situate on McClellan and Franklin Avenues in the Township of Livingston, Essex County.
In a former suit between the same parties for the same purpose (Docket L-10468-53 P.W.) a judgment adverse to the plaintiffs was entered March 29, 1955 on the ground that the earlier application for the building permit, together with the plans and specifications submitted therewith, did not meet the requirements of the township zoning ordinance in that (1) an addition on the rear of the proposed garage, 8 feet in width by 14 feet in length, designed to house a *509 boiler and the toilets, would extend to or across the line of the residential zone, leaving no side yard whatever between the proposed building and the line of the residential zone although the ordinance required a seven-foot side yard, and (2) the proposed main garage building, shown on the plans as 39 feet in width, plus a seven-foot side yard as required by the zoning ordinance, could not possibly be squeezed into the 45 foot wide portion of plaintiffs' lot located within the business zone without either trespassing upon the adjoining Luciano property or encroaching for some distance onto the required seven foot wide side yard. In the former suit, at the final hearing plaintiff proposed to obviate those objections by filing amended plans and specifications, eliminating altogether from the proposed main garage building the rear addition 8 by 14 feet and by providing for a main building less than 39 feet in width. Inasmuch, however, as such suggested amended plans had never been submitted to or passed upon by the township authorities, the court declined to enter any conditional judgment in favor of the plaintiff, based on the suggestion that the plans would be amended to meet the requirements of the ordinance.
There is little or no dispute as to the facts of the controversy. Based upon the pretrial order, the exhibits, and proofs taken before me, I find the essential facts in the present suit to be as follows:
Plaintiffs were and are the fee owners of an L-shaped lot having a frontage of 105.40 feet along the northwesterly side line of McClellan Avenue; a depth of 269.20 feet along the southeasterly side line of McCall Avenue; and a frontage of approximately 136.62 feet along the northeasterly side line of Franklin Avenue in the Township of Livingston, Essex County. Of the Franklin Avenue frontage, a portion 45 feet in width adjacent to the property of one Luciano is located within the business zone established by the township zoning ordinance, the balance of the Franklin Avenue frontage being located within the residential zone. This strip 45 feet in width fronting on Franklin Avenue extends northwestwardly from Franklin Avenue for a depth of approximately *510 200 feet to the southeasterly side line of McCall Avenue (Franklin and McCall Avenues being parallel one to the other), and all that portion of the plaintiffs' lot extending southeastwardly from the 45-foot strip out to McClellan Avenue, for a distance of approximately 120 feet also lies within the business zone established by the zoning ordinance.
On April 4, 1955 plaintiffs filed with the township building inspector an application, together with the requisite plans and specifications, seeking a permit for the erection of a one-story masonry garage building of a width of 37 feet by a depth of 70 feet and designed to house four or five garbage trucks in use by a company, or partnership, in which some but not all of the plaintiffs were interested. The application, plans and specifications met the requirements of the zoning ordinance of the township as it existed at the time of the filing of the said application on April 4, 1955.
By the terms of a planning board ordinance of the said Township adopted June 21, 1954, the planning board was designated as the referral agency to the Township Committee in administering the provisions of the land subdivision ordinance of the township in accordance with the provisions of L. 1953, c. 433 (R.S. 40:55-1.14) and in addition that ordinance referred to the planning board for hearing, consideration and recommendation to the township committee all applications for construction or erection of any structure in the business district zone. That portion of the plaintiffs' property upon which they desire to erect the said garage building is located within the said business district and is adjacent to the residential district.
By an amendment to the zoning ordinance of the township, introduced subsequent to the filing of the plaintiffs' application on April 4, 1955, and finally adopted May 31, 1955, quite numerous changes were made with respect to structures in the business district. In the ordinance as amended May 31, 1955, a private garage is defined as one used as an accessory to a main building or dwelling with a capacity for the storage of not more than three motor vehicles and in which no occupation or business for profit is carried *511 on; a public garage is defined as any premises, excepting those answering the description of a private garage or storage garage, available to the public for the storage, care or repair of motor vehicles; and a storage garage is defined as any premises, excepting those described as a private garage or a public garage, used exclusively for the storage of motor vehicles. The amendment of May 31, 1955 to the zoning ordinance enumerates some 27 different structures and uses which are prohibited in the business zone, including specifically "storage garages," although both private and public garages are permitted in said business zone. Prior to adoption of the amended ordinance on May 31, 1955, storage garages as such were not prohibited in the business zone. And by the said amendment of May 31, 1955 the required side yard between a building erected in the business zone and the line of the residential zone is enlarged from seven to nine feet. Further, by the said amendment of May 31, 1955 a new requirement is made that every building thereafter erected in the business zone must face or front upon a main street and main streets for the purpose of the ordinance are named as Livingston Avenue, McClellan Avenue, Mount Pleasant Avenue, Northfield Road, South Orange Avenue and State Highway Route No. 10 (Franklin Avenue upon which plaintiffs' 45-foot wide lot fronts not being included in the designation of "main streets").
Under the proofs in this case, I find that plaintiffs' proposed building is a "storage garage" within the definition of the amended ordinance of May 31, 1955.
The plans submitted with plaintiffs' application for a permit show the location of the proposed garage building on this 45-foot lot in the business zone fronting on Franklin Avenue with the rear of the proposed garage building nearest to Franklin Avenue and set back 25 feet from the property line along Franklin Avenue, set back 50 feet from the center line of Franklin Avenue (both required by the zoning ordinance), and with a side yard between the proposed garage building and the line of the residential zone of a minimum of seven feet; no doors shown in the rear of the garage *512 building giving access to Franklin Avenue and with access to the front of the garage, being the part of the building most distant from Franklin Avenue, by means of a proposed 30-foot wide private driveway extending across that portion of the plaintiffs' property that lies within the business zone from the front of the garage out to McClellan Avenue.
Plaintiffs' application for the building permit, filed April 4, 1955, first came to the attention of the planning board at a meeting of the board held April 12, 1955. Plaintiffs' counsel attended that meeting of the planning board and urged action on the application at an early date, but no action was ever taken by the planning board other than to refer the matter to the township solicitor for advice. In the meantime and on May 9, 1955 this present suit was instituted by complaint filed in the clerk's office. By the terms of the planning board ordinance referred to above and adopted June 21, 1954, the board was required to act on such applications within 45 days after the filing of such application with the secretary of the planning board.
The proposed amendment to the zoning ordinance, afterwards finally adopted on May 31, 1955, was first considered informally by the planning board at a meeting held April 26, 1955. The planning board approved it at a meeting held May 24, 1955, prior to its adoption by the township committee. Said amendment to the ordinance was first introduced before the township committee on May 16, 1955. Neither the building inspector, with whom the application was filed, nor the planning board, ever notified the plaintiffs of any action taken on the application for the permit.
Prior to the amendment adopted May 31, 1955, the zoning ordinance listed ten prohibited structures or uses in the business zone whereas the amendatory ordinance enlarges the prohibited uses and structures to 27.
Plaintiffs contend that not only are the lands upon which they propose to erect the garage building located in a business district established by the zoning ordinance, but that the zoning ordinance as it existed at the time the application was filed on April 4, 1955 permits the said structure and *513 the use contemplated by the plaintiffs, and that the application and plans comply with the provisions of the then existing zoning ordinance of the township, all of which I find to be true.
Plaintiffs further contend that the failure of the building inspector and of the planning board to take any definite action on the plaintiffs' application constitutes an arbitrary denial by inaction of the permit applied for; that the building inspector and the planning board by their conduct have joined with other township agencies in an attempt to postpone and delay plaintiffs in the assertion of their rights and constitute a willful, malicious and deliberate attempt to deprive the plaintiffs of their rights in the premises; that there are no issues of fact involved in the granting or denial of the permit applied for, nor any areas of discretionary action involved, and that the sole issue is the failure of the defendant building inspector to perform a purely ministerial act, by reason whereof plaintiffs prosecute this suit directly without first having appealed to the board of adjustment.
Defendants not only deny any failure to act on the plaintiffs' application within the time required by the terms of the applicable ordinances and that they by agreement attempted to deprive plaintiffs of their lawful rights, but assert that by virtue of the amended ordinance adopted May 31, 1955 construction of the proposed garage building in the location mentioned is prohibited, and further that the proposed garage building, aside from the fact that it is now prohibited in the business zone, violates the provisions of the zoning ordinance as amended May 31, 1955 in that it does not face on a "main street"; the plans and specifications do not show compliance with the requirement of a nine-foot side yard between the proposed garage building and the boundary line of the adjoining residential district; and the plans and specifications do not provide for off-street parking facilities required by the zoning ordinance.
In reply to the affirmative defenses set up by defendants and based upon the amendment to the zoning ordinance adopted May 31, 1955, plaintiffs assert that the amendment *514 as applied to them is illegal in that it was adopted for the purpose of "spot zoning" and solely for the purpose of depriving plaintiffs of the right to a legitimate use of their property; that the amendment is not a valid exercise of the zoning power possessed by the township, and further that the provisions of the amended ordinance last referred to are invalid because they constitute an unreasonable exercise of power outside of and beyond the power of the municipal governing body. And plaintiffs further contend that their right to the permit is to be tested by the ordinances in force at the time of the filing of the application on April 4, 1955 and not by the terms of an ordinance adopted May 31, 1955; that the amendment is not retrospective and has no retroactive effect; and further that the amendment of May 31, 1955 is invalid in that it sets forth no proper norms or standards of the various requirements under the terms thereof.
Defendants suggest that the sole issue in the case is the validity and applicability to the plaintiffs of the amendatory ordinance adopted May 31, 1955.
Plaintiffs' property upon which they desire to erect a garage building is located within the business zone as established by the zoning ordinances and the proposed building is no doubt a "storage garage" within the definition of the amended zoning ordinance adopted May 31, 1955. If the amended zoning ordinance be held to apply to plaintiffs' application, even though adopted nearly two months after the filing of the application for the building permit and 22 days after the filing of this suit, and if the amended zoning ordinance be held a valid exercise of the zoning power, it is quite apparent that plaintiffs cannot prevail in this suit because the said ordinance, as amended, expressly prohibits the erection or use of a "storage garage" within the area of the business zone and for the further reason that plaintiffs' application, with accompanying plans and specifications, does not meet the requirements of said ordinance, as amended, in that (1) the proposed garage building would be located within seven feet of the boundary line of the residential district whereas the said amended ordinance requires that *515 such building shall be no closer than nine feet to the said boundary line; (2) no off-street parking area is provided by plaintiffs although the ordinance requires such provision; and (3) the proposed building is not shown to face or front upon a "main street" as that term is defined in the amended ordinance.
It should be mentioned that prior to the adoption of the amended ordinance on May 31, 1955, there was no prohibition of a "storage garage" in the business zone; there was no requirement that a new building face or front on a "main street"; and the requirement of a setback from the residential boundary line was seven feet and not nine feet.
With respect to the applicability to the plaintiffs' situation of the amendment adopted May 31, 1955 to the zoning ordinance, nearly two months after the filing of plaintiffs' application on April 4, 1955 and 22 days after the institution of this suit, there is a long line of adjudications in this State holding in effect that it is the status of the municipal law at the time of the court's decision, and not at the time of the filing of the application for the building permit, that controls. Rohrs v. Zabriskie, 102 N.J.L. 473, 475 (Sup. Ct. 1926); Koplin v. Village of South Orange, 6 N.J. Misc. 489 (Sup. Ct. 1928); Durkin Lumber Co. v. Fitzsimmons, 106 N.J.L. 183 (E. & A. 1929); Adelmann v. Williams, 10 N.J. Misc. 324 (Sup. Ct. 1932); Builders Construction Co. v. Daly, 10 N.J. Misc. 861, 864 (Sup. Ct. 1932); Eastern Boulevard Corp. v. Willaredt, 123 N.J.L. 269 (E. & A. 1939); Socony-Vacuum Oil Co. v. Mt. Holly Township, 135 N.J.L. 112 (Sup. Ct. 1947); Sun Oil Co. v. Borough of Bradley Beach, 136 N.J.L. 307 (Sup. Ct. 1947); Concord Garden Apartments v. Board Adjustment of Englewood, 1 N.J. Super. 301 (App. Div. 1949); Guaclides v. Borough of Englewood Cliffs, 11 N.J. Super. 405 (App. Div. 1951); Stalford v. Barkalow, 31 N.J. Super. 193 (App. Div. 1954).
Cf. Westinghouse Elec. Corp. v. United Electrical, Radio and Machine Workers of America, Local No. 410, C.I.O., etc., 139 N.J. Eq. 97 (E. & A. 1946), with respect to laws enacted by the Legislature.
*516 In Socony-Vacuum Oil Co. v. Mt. Holly Township, supra, Justice Perskie said, 135 N.J.L., at page 117:
"Moreover, in my opinion, there can no longer be any question as of the time when the status of the applicable law controls. It is neither the status of the law prevailing at the time of the application for the permit nor the status of the law prevailing at the time of the application or allowance of the rule to show cause. It is the status of the law prevailing at the time of the decision by the court that is controlling. Cf. Westinghouse Electric Corp. v. United Electrical, etc., of America, Err. & App. 1946, 139 N.J. Eq. 97, 105, 106, 49 A. Rep.2d 896."
Notwithstanding the foregoing adjudications, plaintiffs contend that those cases were founded upon the old rule that the allowance or denial of prerogative writs was discretionary with the court; that the courts refused to exercise their discretion in favor of the applicant for a building permit whenever it appeared that a valid ordinance or a valid amendment to an ordinance had been adopted subsequent to the filing of the application for the permit but prior to the court's decision, such subsequently adopted ordinance or amendment thereto making the granting of the permit no longer permissible or allowable, whereas under Art. VI, Sec. V, par. 4 of the 1947 Constitution and R.R. 4:88-1 the old prerogative writs are superseded and in lieu thereof review, hearing and relief shall be afforded as of right. Hence, plaintiffs argue, the rationale of the old decisions based upon the court's discretion having disappeared and the plaintiffs being entitled to review, hearing and relief as of right, their right to the relief demanded is to be tested not as of the date of the court's decision but as of the date of the filing of the application for the building permit.
To the foregoing contention of plaintiffs I cannot subscribe. On the contrary, the provision in the 1947 Constitution and in the rules for review, hearing and relief as of right in contrast to the old practice where the granting of relief was discretionary, represents a procedural change and not a change in the substantive law. It was intended to correct such a situation as is disclosed in the case of Gallena v. Scott, *517 136 N.J.L. 70 (Sup. Ct. 1947), where an application to a single justice for a writ of certiorari was denied as a matter of discretion; on further application to the Supreme Court en banc the application was again denied as reported 137 N.J.L. 548 (Sup. Ct. 1948); then on appeal to the newly-organized Supreme Court under the 1947 Constitution, that court held that plaintiff by virtue of the provisions of the 1947 Constitution was entitled to review as of right, 1 N.J. 430 (1949); and on review of the matter by the Appellate Division to which the case was remanded by the Supreme Court, the action complained of and to review which the plaintiff originally sought a writ of certiorari was set aside as being insufficiently supported by the proofs. 4 N.J. Super. 85 (1949).
In Evans v. Villani, 19 N.J. Super. 86, at pages 92 and 93 (App. Div. 1952), Judge Jayne stated that:
"While prerogative writs have been superseded in this jurisdiction and a procedure substituted in lieu thereof (Rule 3:81-1), yet the established principles previously governing the allowance of such writs continue to be applicable to the determination of the summary or final judgment to be rendered in the substituted form of action.
So, although the initial discretionary allowance of the writ and the writ itself are no longer recognized in our present practice and procedure, yet the modern action is in lieu thereof, and its prosecution continues to be an extraordinary remedial procedure of a prerogative character subject to the well settled principles heretofore governing the granting of such a type of remedy."
And cf. Ward v. Keenan, 3 N.J. 298, at pages 303 et seq. (1949).
Furthermore, it is to be noted that the principles enunciated in Rohrs v. Zabriskie, supra, and the cases following it as cited above, have been followed since the adoption of the 1947 Constitution in Concord Garden Apartments v. Board of Adjustment of Englewood, Guaclides v. Englewood Cliffs, and Stalford v. Barkalow, supra.
In the light of the foregoing adjudications, I conclude that it is still the law in this State that it is the status of the law as it exists at the time of the court's decision, and not *518 the law prevailing at the time of the application for the building permit, that controls.
It remains to determine whether the amendment to the zoning ordinance adopted May 31, 1955 was a proper and valid exercise of municipal authority as applied to plaintiffs in this case.
In the first place, we are confronted with the well-established principle that the law indulges the presumption that a zoning ordinance is reasonable and that the burden of showing to the contrary rests upon him who attacks it. Eastern Boulevard Corp. v. Willaredt, supra; Taylor v. City of Hackensack, 137 N.J.L. 139 (Sup. Ct. 1948); Concord Garden Apartments v. Board Adjustment of Englewood, supra; Guaclides v. Englewood Cliffs, supra; and Tice v. Borough Woodcliff Lake, 12 N.J. Super. 20 (App. Div. 1951). However, that presumption cannot save an ordinance which appears on its face, without the necessity of extraneous evidence, to be unreasonable, arbitrary or capricious.
The amended ordinance adopted May 31, 1955 for the first time expressly prohibits the construction or use of a "storage garage" as defined in the amended ordinance within the business district while at the same time permitting the construction, use and operation of private garages and of public garages. It needs no proof to demonstrate that a "storage garage" located upon plaintiffs' lands, not available for public use, but intended only for the private storage of four or five trucks, could not possibly be of equal public concern as would a public garage available for use by large numbers of the public, and reasonably expected to give rise to much traffic to and fro. An ordinance which allows the establishment and operation of public garages in the business district while prohibiting a "storage garage" I regard as unreasonable, arbitrary and hence unlawful.
Further objection to the construction and use of a private "storage garage" on plaintiffs' property is to be found in the zoning ordinance which requires certain off-street parking area to be established in connection with the construction of any new building in the business district. That *519 provision as applied to stores, warehouses, office buildings, or other commercial structures, to which it may reasonably be anticipated large numbers of people would come by means of automobiles, thus giving rise to congestion in the public streets, appears to be entirely reasonable and logical. But I can see no reasonable or logical application of such provision as it relates to a private storage garage, not open to the public, and provided merely for the storage of four or five trucks used by some of the plaintiffs in their business operations. No business is to be conducted in plaintiffs' proposed storage garage building that would invite visits by the public. There can be no reason to anticipate that any congestion of traffic in the streets would be caused by the construction and use by the plaintiffs of a private storage garage on their own property. I think the requirement of an off-street parking area with reference to the structure which the plaintiffs desire to erect is unreasonable, illogical, arbitrary, and that it cannot be sustained.
Another objection interposed by the township to plaintiffs' application for a permit to erect a "storage garage" is that the amended ordinance adopted May 31, 1955 designates certain streets, including McClellan Avenue but not including Franklin Avenue, as "main streets" upon which any newly-erected structures in the business district must front or face, and that plaintiffs' proposed storage garage would front on Franklin Avenue which is not among those designated as a main street. Whether or not this provision of the ordinance can be sustained as lawful I find it unnecessary to decide. The plans and specifications submitted with plaintiffs' application reveal that the proposed storage garage building would not front on Franklin Avenue in any event; the plans show that it is not the front of the proposed building but the rear of the proposed building that would be nearest Franklin Avenue, with no entrance doorways in the rear of the building leading to Franklin Avenue, but with access to the front of the proposed building to be had by a private driveway over the plaintiffs' property, and within the business district, leading from the front of the garage out *520 to McClellan Avenue, which latter avenue is one of the designated "main streets" named in the amended ordinance. I think it cannot logically be said that the proposed plans violate that provision of the amended ordinance which requires newly-erected structures to face or front on a "main street."
Lastly, the township attempts to justify its refusal to grant the building permit desired by the plaintiffs on the ground that the ordinance as amended on May 31, 1955, nearly two months after the filing of the application for the building permit with accompanying plans and specifications, requires that new structures erected in the business zone, on a lot adjacent to the residential zone, must be not closer than nine feet from the boundary line of the residential zone, whereas that portion of plaintiffs' lot lying within the business district is but 45 feet in width; the proposed building shown by the plans is to be 37 feet in width; and necessarily the proposed building would be less than nine feet from the residential boundary zone. In this connection, again it is to be noted that prior to adoption of the amended ordinance on May 31, 1955, the requirement was for a seven-foot and not for a nine-foot side yard adjacent to the residential zone. In view of what has transpired in this controversy between the plaintiffs and the township authorities, including the earlier suit referred to above and which was terminated by judgment entered March 29, 1955, the conclusion seems to me irresistible that the township authorities have resorted to every available means in an effort to prevent plaintiffs from making a use of their property that was perfectly legitimate and proper at the time the application for permit with accompanying plans and specifications was filed on April 4, 1955, and that the latest amended ordinance has been "tailored" to fit the plaintiffs' particular situation and to block the plaintiffs in their desire to improve their property by construction and use of the so-called "storage garage."
Governmental power to interfere by zoning ordinances and regulations with the right of a landowner to the use of his property by restricting the character of the use is not *521 unlimited and cannot be sustained if it does not bear a substantial relation to the public health, safety, morals or general welfare. The governmental authority may not arbitrarily and without justification interfere with the legitimate use of private property. Gabrielson v. Borough of Glen Ridge, 13 N.J. Misc. 142, at page 147 (Sup. Ct. 1935); Dorsey Motors, Inc., v. Davis, 13 N.J. Misc. 620, 625 (Sup. Ct. 1935); Vine v. Zabriskie, 122 N.J.L. 4, 6 (Sup. Ct. 1939); Appley v. Township Committee of Township of Bernards, Somerset County, 128 N.J.L. 195, 198 (Sup. Ct. 1942). As it affects the particular property of the plaintiffs and their desired improvement of their property, I cannot see that the changes effected by the amendments made May 31, 1955 to the zoning ordinance bear any reasonable relation to the public health, safety, morals or general welfare. Brown v. Terhune, 125 N.J.L. 618 (Sup. Ct. 1941). Rather, it seems to me, the municipal authorities under the guise of an exercise of the zoning power have attempted unreasonably to block and prohibit plaintiffs' plans to make a perfectly legitimate use of their property.
Under the circumstances, I find that plaintiffs' application for a building permit, with accompanying plans and specifications, complied with all existing requirements of the zoning ordinances at the time the application was filed on April 4, 1955; that the changes in the zoning requirements made by the amendment adopted May 31, 1955 to the extent that they affect the particular property of the plaintiffs and the plaintiffs' desired improvement to their property are unreasonable, arbitrary and do not bear a substantial relation to the public health, safety, morals or general welfare; and that, consequently, judgment will be entered directing the municipal authorities to issue the permit applied for by the plaintiffs on April 4, 1955.