The writ should be sustained and the relator discharged.

Ordered accordingly.

---

NIELS SORENSEN, Plaintiff, *v.* THE EAST RIVER SAVINGS INSTI-
TUTION, Defendant.

Supreme Court, Kings Special Term, September, 1922.

**Banking — action to recover savings bank deposit claimed to have been given to plaintiff by deceased — denial of knowledge or information by bank — summary judgment not permitted where rights of unknown parties may be involved.**

Where an answer contains an authorized form of general denial by a defendant who has no interest in the controversy other than one of self-protection, and where the rights of unknown persons who have not been apprised of the action may be affected, a motion by plaintiff for summary judgment, under rule 113 of the Rules of Civil Practice, will be denied.

Where the amount standing to the credit of plaintiff's deceased brother upon the books of the defendant, a savings bank, is sought to be recovered upon an allegation that decedent while in his last illness and about three days before his death gave plaintiff the deposit book as a gift *causa mortis*, and the answer besides a general denial of knowledge or information sufficient to form a belief as to the transaction, pleads that defendant is ready and willing to pay the amount over in accordance with the judgment of the court, a motion by plaintiff for summary judgment will be denied.

MOTION for summary judgment.

*Belfer & Belfer,* for plaintiff.

*Edward K. Vollmer,* for defendant.

MAY, J. The plaintiff sues for the amount to the credit of his deceased brother upon the books of the defendant savings bank, claiming that the deceased gave him the deposit book as a gift *causa mortis* while in his last sickness and about three days before his death. The defendant denies knowledge or information sufficient to form a belief as to the transaction, and sets up for defense that it is ready and willing to pay the amount over " in accordance with the judgment of the court, which would protect it from further liability." The plaintiff's papers show that the deceased was never married, but do not show he is the nearest of kin or

the only next of kin. No letters of administration have been issued. Plaintiff cites in support of the motion such recent cases as *Matter of Sherman*, 227 N. Y. 350; *Ward* v. *N. Y. Life Ins. Co.*, 225 id. 314, and *McKeon* v. *Van Slyck*, 223 id. 392, which hold that the rule that a plaintiff is not required to prove his case by more than a preponderance of evidence applies as well to claims against a decedent's estate, and urges therefrom that on this motion plaintiff's version of the transaction, supported by his affidavit and that of his wife, with possession of the bank book, and unopposed by any affidavit of the defendant, make out a preponderating case entitling plaintiff to judgment. But the rule in the cited cases merely goes to the method of weighing proof on a *trial* of the issue, and means that it was not the intention to abrogate the trial rules and guides where death has sealed the lips of the alleged promisor. In *McKeon* v. *Van Slyck, supra* (at p. 397) Mr. Justice Crane says: " No doubt in determining whether the preponderance exists, the triers of the facts must not forget that death has sealed the lips of the alleged promisor. They may reject evidence in such circumstances which might satisfy them if the promisor were living. They must cast in the balance the evidence offered upon the one side and the opportunities for disproof upon the other. They may, therefore, be properly instructed that to make out a preponderance, the evidence should be clear and convincing. (*Roberge* v. *Bonner*, 185 N. Y. 265.) But all these instructions in last analysis are mere counsels of caution. The responsibility of determining whether the evidence is clear and convincing must ultimately rest upon the jury, subject, of course, to the power of the court to set aside their verdict. * * * We said that oral declarations of an intention to bequeath one's estate to another ought not to be held sufficient basis for the finding of a contract unless corroborated in all substantial particulars by disinterested witnesses. In saying that we did not mean to lay down a rule of law. We gauged the significance of the excluded testimony by the tests and standards which commonly guide the judicial conscience. * * * In the instant case the jury might properly have been instructed that they could reject the testimony though uncontradicted unless they found it clear and convincing. They might even have been instructed that they could in their discretion reject it if it was not corroborated in all substantial particulars by disinterested witnesses."

Summary judgment under rule 113 should be allowed only in cases almost free from doubt and never where there has been interposed an authorized form of general denial by a defendant who has no interest in the controversy other than one of self-

protection and where the rights of others, unknown and who have not been apprised of the action, may be affected. Following *Twigg* v. *Twigg*, 117 Misc. Rep. 154, and *Appelbaum* v. *Gross*, Id. 140, the claim of a gift *causa mortis* is remitted to the regular trial. Before such trial it may be found necessary on the part of the defendant to move to bring in as a party defendant one who may protect the interests of any unknown heirs.

Motion for summary judgment denied. No costs.

Ordered accordingly.