The bill is filed by the assignee for the benefit of creditors of Kentz Drug Stores, Inc., to set aside a chattel mortgage made by the corporation to the defendant, Jacob Landau. The mortgage is attacked primarily on the ground that the affidavit of consideration annexed thereto does not truthfully state the consideration as required by R.S. 46:28-5.
In October, 1941, Kentz Drug Stores arranged to borrow from Landau the sum of $10,000 and to pay for the loan, besides interest at six per cent., a premium or bonus of $2,500. The debt was to be secured by a chattel mortgage in the sum of $12,500, which would be a first lien on the fixtures and stock in trade of the mortgagor. The papers were drawn and the parties with their respective attorneys met to close the transaction on October 27th. There were *Page 195 
outstanding three small liens which were to be paid off out of the proceeds of the loan. The borrower had not arranged, however, for the lien holders to be present in order to receive their money and to cancel their liens. Nevertheless, the mortgage was executed and delivered and Landau drew two checks to the order of the mortgagor, one for $8,000, and one for $2,000. The first of these he handed over to the mortgagor while the other, or smaller, check he deposited with his attorney, Mr. Kraemer, in escrow, for delivery to the borrower as soon as the old liens were canceled of record. Proof of cancellation was presented to Mr. Kraemer and the $2,000 check was delivered by him to the mortgagor on or before November 12 and was duly paid.
Landau's affidavit of consideration annexed to the mortgage states:
"That the true consideration of the said mortgage is the sum of $12,500 this day loaned by me to the said Kentz Drug Stores, Inc. * * * I have received as premium for the making of said loan, the sum of $2,500."
Complainant points out that in fact $12,500 was not loaned but only $10,000. However, the statement in the affidavit that the mortgagee had received as premium $2,500, disclosed the fact that what the borrower took was the net sum of $10,000.
Complainant next urges that only $8,000 was loaned on the day the mortgage was executed and that $2,000 was not actually loaned until two weeks later.
An escrow agreement may be parol, or written, or it may be partly in parol and partly in writing. The parties may select as depositary a person who has been, or still is, the attorney of one of them. He receives the deposit, however, not as such attorney, but as the agent or trustee for both parties. A deposit in escrow is irrevocable except by consent of both parties. Upon performance of the condition mentioned in the escrow agreement, the depositary is bound to make delivery pursuant to the agreement, and if he fails to do so, he becomes personally liable for his breach of duty. The delivery of the escrow by the depositary to the person *Page 196 
entitled to receive it, will be related back to the original delivery to the depositary, when necessary to effectuate the intention of the parties, or to promote justice. Fred v. Fred,50 Atl. Rep. 776; Kelly v. Chinich, 91 N.J. Eq. 97; Mecray v.Goldman, 102 N.J. Eq. 559; 105 N.J. Eq. 583; First NationalBank v. Scott, 109 N.J. Eq. 244.
The check for $2,000 which was given to Mr. Kraemer when the mortgage was executed, forthwith passed out of the control of defendant. The drug store corporation, upon satisfying the prior liens and obtaining their cancellation, could look to Mr. Kraemer for the check and hold him liable in case he should refuse to surrender it. The circumstance that checks were used in lieu of legal tender, does not affect the result. Abeles v. Guelick,101 N.J. Eq. 180. It was true in substance that the sum of $2,000, in addition to the $8,000, was loaned the day the affidavit was made and the mortgage delivered. The affidavit is a sufficient compliance with the statute.
Complainant also charges that the mortgage is invalid because, at the time of its execution, the mortgagor corporation was insolvent, but the proof thereof fails.
The bill will be dismissed.