Prosecutors desire to install at their place of business in Nutley underground tanks for the storage of fuel oil. An ordinance of Nutley forbids the storage of "oil that is volatile below the temperature of 100° Fahrenheit" without a license to be issued by the Town Clerk upon the special authorization of the Board of Commissioners of the town. Thinking that this ordinance applied to fuel oil, prosecutors sought and received a license under the ordinance. Later, the Commissioners, for reasons that the prosecutors say were insufficient, rescinded the license, and that is the action which is before us for review.
Fuel oil at a temperature less than 100° is not volatile and therefore is not within the scope of the ordinance. As to this, the parties are agreed. The license was of no benefit to prosecutors and they are no way harmed by its revocation. The question whether the revocation was illegal or not is of academic interest only. For this reason, the writ of certiorari will be dismissed.
After the Commissioners had annulled prosecutors' license, the Building Inspector of the town ordered that work on the tanks cease. Seemingly, while the prosecutors held the license of the Town Clerk, the Inspector did not require them to obtain from him the usual permit for construction work. Now, as we understand, he refuses to issue a permit to them. Prosecutors, in addition to the writ of certiorari, obtained an order to show cause why they should not be awarded a writ of mandamus commanding the Building Inspector to issue a permit for the installation of the tanks. On this branch of the controversy, counsel have debated whether or not the zoning ordinance forbids the underground storage of fuel oil awaiting sale, in the district where prosecutors' property lies. We express no opinion on the question. The Zoning Act in force when this matter arose, R.S. 40:55-39, and the amendment approved last summer, P.L. 1948, c. 305, give an appeal to the Board of Adjustment from decisions of the Building Inspector, and also empower the Board to authorize in certain cases and *Page 88 
to recommend in others, variances from the terms of the zoning ordinance. The administrative remedies should have been exhausted before judicial relief was sought. Crescent Hill, Inc. v.Allendale, 118 N.J. Law 302 (S.C. 1937). If the record before us showed clearly that prosecutors were entitled to the permit, we might well grant the mandamus, even though the appeal to the Board of Adjustment had not been pursued. Lane v.Bigelow, 135 N.J. Law 195 (E. A. 1946). But the record is too scanty, the prosecutors' right too uncertain. The order to show cause will be discharged.