12 N.J. Super. 464 (1951)
79 A.2d 875
ALBERT GALLANTHEN, PLAINTIFF-RESPONDENT,
v.
NICHOLAS POSTMA, BUILDING INSPECTOR OF THE BOROUGH OF FAIR LAWN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1951.
Decided April 3, 1951.
*465 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Martin S. Mandon argued the cause for appellant (Mr. John A. Christie, of counsel).
Mr. Peter Hofstra argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
Succinctly characterized, this is an appeal by the Building Inspector of the Borough of Fair Lawn *466 from a summary judgment of the Law Division of the Superior Court entered on August 18, 1950, in lieu of mandamus in favor of the plaintiff, commanding the defendant to issue to the plaintiff a building permit authorizing the erection and construction of a roller skating rink on the designated property. In view of some of the features of the appendix and brief submitted by the appellant, it seems necessary immediately to observe that the judgment entered on August 18, 1950, is the only action of the trial court to which the notice of appeal is addressed.
Rule 3:56-3 relating to proceedings for a summary judgment provides that "the judgment or order sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
True, Rule 3:56-6 requires that the "supporting and opposing affidavits shall be made on personal knowledge and shall set forth only facts which are admissible in evidence and to which the affiant is competent to testify."
In recognition of those rules we proceed to investigate the propriety of the judgment entered in the present action.
The history of events portrayed by the record reveals that the plaintiff as the owner of an area of real estate situate within the boundaries of a zone designated for industrial use by the ordinance of the borough applied on February 13, 1950, to the building inspector for the permit to which reference has been made. He presented the plans of the proposed structure. His application was denied and he was referred to the borough planning board. Upon submission of the plans to the planning board, the board approved them. The application to the building inspector was thereupon renewed and on this occasion the plaintiff was instructed to consult the mayor and council.
The plaintiff again followed the directions given him and consulted those officials, who informed him of their disinclination *467 to order the inspector to issue the permit because there was in progress of preparation a contemplated amendment of the zoning ordinance which would prohibit the erection and maintenance of skating rinks anywhere in the borough.
In such a plight, the plaintiff-respondent instituted and prosecuted the present action.
Our examination of the pleadings reveals that the allegations of the complaint declaring that the land of the plaintiff upon which the erection of the building was contemplated is situate in "the industrial zone as delineated on the Zoning Map" and that the building inspector notified the plaintiff on February 13, 1950, that "he would not issue" the permit were both admitted to be true by the defendant's answer. Those admissions are properly to be associated with the affidavits submitted by the plaintiff on the application here under review. Furthermore, we observe that the defendant did not resist the application by the presentation of any exhibits or counter-affidavits, explanatory or controversial. Concededly, there was no restriction in the zoning ordinance against the erection of a skating rink in the industrial zone.
The plaintiff's affidavit verified the factual allegations of the complaint and contained the following paragraph:
"6. At no time did the Building Inspector of the Borough of Fair Lawn inform me that the plans that I had submitted did not meet with the requirements of the Building Code of the Borough of Fair Lawn, nor did he point out to me any item on said plans that were in violation of said Building Code."
Additionally we quote from the affidavit of the architect:
"2. I am familiar with the Building Code of the Borough of Fair Lawn and the plans which I have prepared for Albert Gallanthen are in conformity with the Building Code of the Borough of Fair Lawn to the best of my knowledge and belief." (Italics ours.)
Neither of the foregoing statements was controverted.
Thus, in the state of the only information conveyed to the court, the pleadings on file and the affidavits submitted *468 disclosed palpably that there was no genuine issue as to any material fact challenged (Rule 3:56-3) and accordingly warranted the summary judgment in favor of the plaintiff.
This conclusion is dispositive of the present appeal.
We have noticed the extraneous matter which the appellant has inappropriately incorporated in the appendix and to which the respondent has objected. Suffice to state that none of such informational material was presented to the judge of the Law Division whose action we review pursuant to the present appeal.
If the application for the judgment was not properly contested by reason of mistake, inadvertence, or excusable neglect, or if by reason of events occurring subsequent to the judgment the defendant should be liberated from the operation of the judgment, the relief when warranted and timely sought is afforded by Rule 3:60-2.
The judgment is affirmed.