18 N.J. Super. 272 (1952)
87 A.2d 358
HARRY COOPER AND MAX COOPER, PARTNERS TRADING AS LAKEVIEW MARKET, PLAINTIFFS-RESPONDENTS,
v.
B.J. BERGTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1952.
Decided March 12, 1952.
*275 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. Peter Cohn argued the cause for respondents.
Mr. Dominick F. Pachella argued the cause for appellant (Messrs. Pachella and Chary, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Defendant appeals from a summary judgment for $2,000 with interest and costs entered against him in the Bergen County Court upon plaintiffs' motion under Rule 3:56.
Plaintiffs engaged defendant, a broker, to effect a sale of their business. Defendant secured one Geentiens as a buyer. Defendant's employee, John P. Kuehn, Jr., who handled the negotiations, prepared an instrument which was signed by Geentiens and by Kuehn for defendant, as plaintiffs' agent, reciting the terms of sale and providing that "this agreement is subject to formal legal contract drawn by attorneys" and that Geentiens "hereby pays the sum of $2,000 check to said agent on account of purchase price, which sum the purchaser does hereby authorize B.J. Bergton to pay over to the owner of said business."
Geentiens abandoned the transaction and plaintiffs after unsuccessful demands upon defendant for the $2,000 deposit brought this suit to recover it. Defendant counterclaimed for commissions. The counterclaim was not affected by the *276 action under appeal and is pending in the County Court awaiting trial.
The test when considering a motion for summary judgment is for the court to be "quite critical of the papers presented by the moving party, but not of the opposing papers." Templeton v. Glen Rock, 11 N.J. Super. 1 (App. Div. 1950); Heuter v. Coastal Air Lines, Inc., 12 N.J. Super. 490 (App. Div. 1951). Our review of the pleadings and of the supporting and opposing affidavits upon the motion does not persuade us that they show palpably that there is no genuine issue as to any material fact challenged by plaintiffs so that plaintiffs are entitled to a judgment as a matter of law.
Defendant's answer admits that he is holding the $2,000 and that he refuses to pay it over to plaintiffs, although disclaiming any personal interest in the sum and offering to pay the same into court. He alleges by way of a separate defense that "subsequent to the signing of the written agreement" plaintiffs and Geentiens "orally modified" the same and agreed that defendant should hold the $2,000 "in escrow pending the drafting and signing of a formal contract between Geentiens and the Coopers," at which time he was to pay the money to the Coopers; that "no such formal contract had ever been drawn up or signed, and defendant is uncertain whether to pay the sum in dispute to the Coopers, or to Geentiens." His affidavit states that not only plaintiff, but Geentiens also, through an attorney, has demanded payment of the deposit.
The affidavit of plaintiff Harry Cooper supporting the motion denies that "the terms of said agreement (were) in any wise orally modified." Opposing this is the affidavit of defendant's employee Kuehn stating that "At or shortly after the time when the aforesaid agreement of sale was signed, it was orally agreed between all the parties to the same that Gaston Geentiens should pay over the deposit of $2,000 to B.J. Bergton, for him to be held in escrow pending the passing of title and delivery of the Bill of Sale to Geentiens *277 by the plaintiffs in the instant suit; at which time B.J. Bergton was to pay over the said sum to the plaintiffs herein."
Summary judgment under Rule 3:56 should be allowed only in cases palpably free from doubt and clearly not against a defendant who, as here, disclaims any interest in the sum claimed other than one of self-protection against conflicting demands and offers to deposit the same with the court, basing his refusal to pay upon the alleged existence of an escrow of which he is the depositary and in which another not a party to the action claims an interest, Sorensen v. East River Savings Institution, 119 Misc. Rep. 297, 196 N.Y.S. 361 (Sup. Ct. 1922).
The allegations of the answer that the sale memorandum was "orally modified" are inept and not accurately descriptive of the legal effect which results from the events sworn to by Kuehn in his affidavit. The later agreement, if made, is not viewed in law as an attempt to vary the terms of the written memorandum and the rule that a written contract will be deemed to contain the parties' entire agreement is inapplicable. Kuehn's statement reasonably permits the inference of the subsequent creation by parol of an escrow of the check, or of the fund. An escrow may be created by writing or by parol, or partly by both; upon the deposit in escrow a contract between the parties as to the delivery by the depositary of its subject matter is created; the depositary becomes the agent for both parties as to such delivery; and neither party can alone rescind. Mecray v. Goldman, 102 N.J. Eq. 559 (Ch. 1928), affirmed 105 N.J. Eq. 583 (E. & A. 1929); Fred v. Fred, 50 A. 776 (Ch. 1901) (not in state reports). Since the depositary is bound by the terms of the deposit and charged with the duties voluntarily assumed by him, the rule is that liability attaches to him if he improperly parts with his deposit. Mantel v. Landau, 134 N.J. Eq. 194 (Ch. 1943), affirmed 135 N.J. Eq. 456 (E. & A. 1944); 19 Am. Jur., Escrow, sec. 18, p. 436.
The defendant was not to be subjected to a summary judgment in the circumstances merely because the ineptly *278 phrased answer implied a lack of legal merit in his defense in light of the parol evidence rule. The answer, read with Kuehn's affidavit, sufficiently supports his contention that an oral escrow outside the parol evidence rule was created after the signing of the memorandum, obliging defendant not to deliver the fund to plaintiffs except upon the happening of the named event, thus eliminating any basis for a finding upon the pleadings and affidavits that they show palpably that there is no genuine issue as to any material fact challenged by plaintiffs. True, in the answer the event is designated as the signing of a "formal contract" and, in Kuehn's affidavit, as "upon the passing of title and delivery of the Bill of Sale to Geentiens," but this inconsistency is as to a detail merely and does not affect the primary contention that an escrow was created.
Relief in interpleader along the newer and more liberal lines permitted by Rule 3:22 is a peculiarly appropriate remedy available to a depositary in such a situation. See Jersey Insurance Co. of N.Y. v. Altieri, 5 N.J. Super. 577 (Ch. Div. 1949). Defendant's claim for commissions asserted in his counterclaim is independent of the escrow fund, as evidenced by his offer to deposit the fund in court, and plaintiffs' liability therefor may be established apart from the fund.
Defendant did not counterclaim in interpleader against plaintiffs, and join Geentiens as a defendant on the counterclaim as provided by Rule 3:22. He did, however, file an original complaint in interpleader, as he informed the trial court in his affidavit. However, the complaint was inadvertently filed in the County Court and his motion to transfer the cause to the Chancery Division, Superior Court, argued with the motion for summary judgment, was denied.
Defendant's failure to counterclaim in interpleader may reasonably be ascribed to the uncertainty which generally prevailed among members of the bar at the time whether the County Court had jurisdiction to grant relief upon such pleadings. The case of Tumarkin v. Friedman, 17 N.J. *279 Super. 20 (App. Div. 1951), holding that there is no inhibition under the Constitution or the court rules to the jurisdiction of the County Court to grant relief in interpleader sought by answer and counterclaim filed to a complaint in a cause within the County Court's jurisdiction, was not decided until five months after the entry of the order on appeal. In any event, neither defendant's failure to pursue that procedure nor his abortive effort to proceed by original complaint is a reason to subject him to summary judgment. There was sufficient to withstand plaintiffs' motion in his offer to pay the fund into court when considered in the light of the conflicting demands upon him and his claim, fully supported by Kuehn's affidavit, of the creation of the escrow of the fund, the condition to delivery of which concededly did not occur.
We have, of course, reached our conclusion to reverse without reference to the extraneous matter not presented to the trial court which defendant inappropriately included in his appendix. Gallanthen v. Postma, 12 N.J. Super. 464 (App. Div. 1951). However, as there must be a trial upon plaintiffs' claim, considerations of the proper administration of justice sanction our notice here of the information in defendant's brief that after the entry of the judgment on appeal, Geentiens instituted an action in the Superior Court against plaintiffs and defendant for the return of the deposit and that defendant has filed a counterclaim in interpleader therein against Geentiens and a cross-claim in interpleader against the Coopers. Apart from questions of the County Court's jurisdiction, defendant's pending County Court interpleader suit seems to serve no useful purpose in the circumstances. Too, the attention of the parties is invited to the possibility of the consolidation of the instant suit with the Superior Court action to the end that, if practicable, the several controversies may be determined in one proceeding.
Reversed. Costs to abide the event. If defendant ultimately becomes entitled to costs on this appeal, the printing costs allowed for the printing of his appendix shall not exceed one-half of the amount thereof.