71 N.J. Super. 234 (1961)
176 A.2d 794
CHARLES R. MATHIS AND NADINE K. MATHIS, PLAINTIFFS-RESPONDENTS,
v.
ANNA YARAK, DEFENDANT-APPELLANT, AND PAUL J. ROSS AND CHARLOTTE ROSS, INDIVIDUALLY AND TRADING AS ROSS AGENCY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1961.
Decided December 20, 1961.
*236 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Leon S. Wolk argued the cause for appellant (Messrs. Basile & Delchop, attorneys).
Mr. George P. Moser, Jr., argued the cause for plaintiffs-respondents (Messrs. Moser, Roveto & McGough, attorneys).
Mr. Emanuel H. Ludmer argued the cause for defendants-respondents.
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiffs, Charles R. and Nadine K. Mathis, and defendant Anna Yarak, entered into a written contract for the purchase and sale respectively, for $25,000, of certain residential premises in Cliffside Park, N.J. The contract provided that it was subject to the purchasers' obtaining an "FHA" mortgage for $21,500, and that either party had the right "to void this agreement, by written notice to the other party, if the mortgage loan has not been arranged or this provision waived by the Purchaser by February 28 1960." Closing date was set for March 28, 1960.
Defendants Paul J. Ross and Charlotte Ross, individually and trading as Ross Agency (hereinafter referred to as the broker), negotiated the proposed sale and accepted a deposit of $2,500 from plaintiffs. The contract provided that the deposit was to be held in escrow by the broker "to be paid to the Seller less brokerage commission if mortgage contingency *237 is met or waived; or returned to the Purchaser if this agreement is voided as herein provided."
Plaintiffs applied for a Federal Housing Authority (F.H.A.) insured mortgage loan and in connection therewith Anna Yarak was asked to execute an "Amendatory Language" form required by F.H.A. regulations, the substance of which made the agreement contingent on the Federal Housing Commissioner's appraising the property for not less than $25,000. Mrs. Yarak refused to execute the form, the loan was never processed, and on February 29, 1960, Mrs. Yarak wrote to plaintiffs "I hereby exercise my right to terminate said contract by reason of failure of said purchasers to obtain a mortgage commitment." Thereafter plaintiffs tried to close on an all cash basis but Mrs. Yarak took the position that the contract had been terminated and refused to convey.
Plaintiffs filed suit against Anna Yarak for specific performance of the contract or damages. Thereafter on July 5, 1960 plaintiffs, through their attorney, wrote to the broker stating that they had decided "to discontinue their efforts to enforce the contract with Mrs. Yarak" and requested the return of the $2,500 deposit. The broker, on its part, claimed that it was entitled to its full commission of $1,500 out of the deposit money. It offered to return the balance of the deposit, but only if it received a general release as escrow agent from plaintiffs and Mrs. Yarak.
Plaintiffs then amended their complaint to add a count against the broker for wrongfully withholding the deposit money, and the broker, having been brought into the case, cross-claimed against Anna Yarak for its $1,500 commission.
At the pretrial conference plaintiffs formally abandoned their claim for specific performance of the contract.
The trial court, after hearing the proofs, ruled that Anna Yarak had breached the contract by refusing to sign the "Amendatory Language" form and was liable to plaintiffs for damages and to the broker for its commission. It also ruled that the broker, in holding the deposit money, was acting *238 as the agent of the seller. The judgment, which the trial court entered, included in plaintiffs' damages the amount of the deposit, interest thereon from March 28, 1960, and plaintiffs' legal expenses of $265.30 for a total judgment of $2,905.05 in favor of plaintiffs and against Anna Yarak.
It was further provided that the $2,500 was to be returned by the broker to plaintiffs to be credited against the amount of plaintiffs' judgment against Anna Yarak. Judgment was also entered in favor of the broker and against Anna Yarak for $1,500. Anna Yarak appeals.
We find that the trial court was correct in holding that Anna Yarak had breached the contract and was liable to plaintiffs for damages and to the broker for a brokerage commission. The contract contemplated an application by plaintiffs for an F.H.A. insured mortgage, and F.H.A. regulations required that the seller execute the "Amendatory Language" form. Mrs. Yarak's refusal to sign the form amounted to nothing more than an arbitrary refusal to cooperate with the purchasers in securing the mortgage.
Appellant makes the argument that the form, in effect, would have required her to represent that the property was worth at least $25,000. This, argues appellant, would have been a material departure from the terms of the original agreement. Such contention, however, is invalid. All that the "Amendatory Language" form did was to make the agreement contingent on the Federal Housing Commissioner's appraising the property for not less than $25,000. Certainly both plaintiffs and Mrs. Yarak must have contemplated that F.H.A. would require its own appraisal of value before consummating the mortgage transaction.
We do not agree with the trial judge's ruling that the broker, in holding the $2,500 deposit, was acting as agent for the seller. This money was held in escrow under terms set forth in the agreement and the broker as escrow holder was acting as agent for both purchasers and seller. Cooper v. Bergton, 18 N.J. Super. 272 (App. Div. 1952); Mantel v. Landau, 134 N.J. Eq. 194 (Ch. 1943).
*239 After the seller breached the contract and the buyers had notified the broker that they were discontinuing their efforts to enforce the contract and requested return of the deposit, the broker should have complied with the request. Granting the broker's right to claim a commission, the claim was against the seller, not against the buyers, and the broker had no right to insist that the commission be paid out of the deposit money. The conclusion is that the broker is liable to plaintiffs for the amount of the deposit and interest thereon from July 6, 1960, which is the date on which return of the deposit was refused.
From the foregoing it follows that Mrs. Yarak's liability to plaintiffs should not include the amount of deposit money or interest thereon. As plaintiffs' only other proven damages were $265.30 for legal expenses, their judgment against Mrs. Yarak should be limited to that amount.
As to the judgment in favor of the broker and against Mrs. Yarak for $1,500, it is argued that the broker's wrongful refusal to return the deposit moneys to plaintiffs amounts to "unclean hands" and operates to bar the claim for a broker's commission. We do not agree. While the refusal to return the deposit was legally improper, there is nothing to show that it was done in bad faith. As a matter of fact the record indicates that the broker acted on the advice of counsel. Moreover, the injury resulting from the withholding of the deposit money was to plaintiffs and not to Mrs. Yarak. She suggests that if the deposit money had been returned, the plaintiffs would have been satisfied to drop the matter and forego their claim for legal expenses. This is pure surmise though and is unsupported by anything in the record. The letter of July 5, 1960, written by plaintiffs' attorney, does not indicate that plaintiffs were willing to waive the legal expenses to which they were put.
To recapitulate, the judgment herein is modified so as to be in favor of plaintiffs and against Anna Yarak for $265.30, and in favor of plaintiffs and against the broker for $2,500, and interest thereon from July 6, 1960. The judgment in *240 favor of the broker and against Anna Yarak on the cross-claim is affirmed.
The matter is remanded to the trial court for the entry of judgment in conformity with this opinion. Costs in favor of plaintiffs and against defendant-appellant and defendants-respondents.